# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 7095 | **DATE** | December 4, 2012 |
| **CASE TITLE** | Samuel Lee (#2011-1110080) vs. G. Hickerson | | |

**DOCKET ENTRY TEXT**

The Court grants Plaintiff's motion to proceed *in forma pauperis* [#6] and authorizes and orders Cook County Jail officials to deduct $6.00 from Plaintiff's account and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, IL 60608 to facilitate compliance with the order. The Court dismisses this action pursuant to 28 U.S.C. § 1915A for failure to state a claim. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff Samuel Lee, a prisoner at the Cook County Jail, has filed suit pursuant to 42 U.S.C. § 1983.

The Court grants Plaintiff's motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $6.00. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the jail to another correctional facility.

The Court has reviewed the complaint as required by 28 U.S.C. § 1915A(b). Plaintiff sues the Jail's Acting Executive Director for violating Plaintiff's constitutional rights. Plaintiff alleges that he slipped in the shower, cutting his hand on a rusty nail, and re-injuring his hip and feet. The Court has nothing but sympathy for Plaintiff, but his allegations do not implicate the Constitution. Specifically, Plaintiff's allegations do not suggest a substantial risk of serious harm that reflects the deliberate indifference that is needed to impose liability under the Fourteenth Amendment. *See LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors. . . do not state even an arguable claim for cruel and unusual punishment"); *Snipes v. DeTella*, 95 F.3d 586, 592 (7th Cir. 1996) ("an inch or two" of accumulated water in the shower was not "an excessive risk to inmate health or safety"). Defendant conceivably may have been negligent, but that is not enough to support a claim of a federal constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 332 (1986); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). An ordinary personal injury suit, which is what this is, must be brought in state court. The Court therefore dismisses this action for failure to state a claim. The Court advises Plaintiff that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may

## STATEMENT

not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike."